UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                       Case No. 09-20105

Terrence E. Cooper,                   Honorable Sean F. Cox

    Defendant.

_____/

## ORDER NOTIFYING DEFENDANT OF RECHARACTERIZATION AND DIRECTING DEFENDANT TO FILE MEMORANDUM

Defendant Terrence E. Cooper ("Cooper") pleaded guilty to possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). This Court sentenced Cooper to a term of 36 months imprisonment. (*See* 2/11/11 Judgment). Cooper did not file a direct appeal.

Acting *pro se*, Cooper filed two written submissions with the Court on December 10, 2012. (Docket Entry Nos. 197 & 198). In these submissions, Cooper asks this Court to "reverse [his] conviction." (*See e.g.*, Docket Entry No. 197 at 8).

Although Cooper's submissions are not labeled as such, the relief requested in the submissions is consistent with a motion to vacate sentence under 28 U.S.C. § 2255 and they are therefore the equivalent of a petition under § 2255. Before characterizing Cooper's submissions as a § 2255 motion, however, Cooper must be given the opportunity to withdraw the filing. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). This is because "[a]n unintended byproduct of [liberally construing *pro se* filings as § 2255 petitions] . . . is that it may effectively deprive an uninformed *pro se* litigant of the future opportunity to file a motion to vacate his sentence under

§ 2255." *Id*. at 621.  After a prisoner files one motion under § 2255, the Antiterrorism and Effective Death Penalty Act generally prevents a prisoner from filing a second or successive § 2255 motion.  Thus, the prisoners must be aware that the Court's construction of their petition may limit their ability to pursue future avenues of collateral relief and must be given the opportunity to either agree with the Court's construction or withdraw their motion.

Accordingly, **Cooper is hereby NOTIFIED that the Court intends to construe his December 10, 2012 submissions, collectively, as a motion for relief under 28 U.S.C. § 2255.**

Cooper is **DIRECTED** to file a one-page memorandum on or before **February 28, 2013** indicating whether he agrees with the Court's intended characterization of his December 10, 2012 submissions or whether he withdraws those submissions.  In the event that Strauss does not file a memorandum on or before February 28, 2013, his December 10, 2012 submissions will be deemed a motion under § 2255.

IT IS SO ORDERED.


Dated:  January 14, 2013                                S/ Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Court Judge


I hereby certify that on January 14, 2013, the foregoing document was served upon counsel of record by electronic means and upon Terrence Cooper by First Class Mail at the address below:

Terrence Cooper #44577-039
USP Hazelton-Camp
P. O. Box 2000
Bruceton Mills, WV 26525

Dated:  January 14, 2013                                S/ J. McCoy
                                                        Case Manager